

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-7-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSE E. ORTIZ,

                            Plaintiff,                                  10 Civ. 9434 (PKC) (FM)

          -against-

                                                                       MEMORANDUM
                                                                       AND ORDER

MICHAEL BLOOMBERG, New York City Mayor;
JOHN C. LIU, New York City Comptroller;
CURRENT COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF CORRECTIONS; (10) TEN
JOHN DOE; (3) THREE JANE DOE
CORRECTIONAL OFFICERS; MEDICAL
PROVIDER OF NEW YORK CITY JAILS; MEALS-
FOOD PROVIDER FOR NEW  YORK CITY JAILS;
PATTY HARRIS, First Deputy Mayor; AND AMKC
FACILITY DOCTORSAND NURSES,
                            Defendants.
-------------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

              Plaintiff Jose E. Ortiz, proceeding pro se, brings this action against defendants

Michael Bloomberg, Mayor of the City of New York, John C. Liu, Comptroller of the City of

New York, Patty Harris, First Deputy Mayor, the current Commissioner of the New York City

Department of Corrections, ten John Does, three Jane Doe correctional officers, an unnamed

medical provider of New York City jails, an unnamed meals-food provider for New York City

Jails, and unnamed doctors and nurses at the Anna M. Kross Center ("AMKC") at Riker's Island

for violations of rights protected under the United States Constitution.  Reading the Complaint

generously, it asserts claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious

medical needs and conditions of confinement in violation of rights protected under the Eighth

Amendment, for violation of plaintiff's due process rights when property that was taken from

him during his arrest was not returned to his family, and for discrimination by prison guards in

violation of the equal protection clause of the Fourteenth Amendment. Plaintiff also purports to allege an intentional infliction of emotional distress claim.

Defendants Bloomberg, Liu, and Harris (the "City Defendants") move to dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted. In the alternative, the City Defendants move for a more definite statement. For the reasons set forth below, the City Defendants' motion to dismiss is granted.

BACKGROUND

The thirty-three page alleges that the conditions of his confinement from February 6, 2009 to June 4, 2010 violated the Eighth Amendment because they constituted wanton and unnecessary infliction of pain. (Compl. at 16-17.) Those conditions included unsanitary facilities, lack of exercise, improper ventilation, malnutrition, denial of proper medical services, denial of writing materials, physical abuse, exposure to extreme temperatures, exposure to contagions, exposure to psychotic inmates, exposure to gang violence and involuntary fighting arranged by prison guards, exposure to asbestos and lead paint, exposure to an insect infestation, theft, and extortion. (Compl. at 16-17, 21-22, 24.)

In many instances, plaintiff has not provided sufficient facts to place a defendant on fair notice of the claim. He does state that he was hospitalized as the result of these conditions, that he complained to medical personnel of foot and leg pain resulting from the prison-issued shoes, and that he contracted a rare virus at the Manhattan Detention Complex between February 6, 2009 and March 13, 2009 that required emergency surgery. (Compl. at 18-20.) Plaintiff also claims that in April or May of 2010, he was "forcibly, against his protestations and physical resistance, given an injection of tuberculosis (to test his resistance to tuberculosis)

and had vials of blood taken from him" as officers forced and held him to the ground.  (Compl. at 30.)

Plaintiff also alleges violation of his due process rights.  He asserts that he has been denied access to the courts because he has been denied writing materials, the ability to make photocopies, access to the law library, and the assistance of a trained law clerk.  (Compl. at 10.)  He also claims that his rights were violated because his inmate account was suspended without a disciplinary proceeding.  (Compl. at 11.)  Plaintiff asserts that he has filed "informal grievances" and "formal grievances" at AMKC and received no response.  (Compl. at 8.)  In the same paragraph, he complains that there is no formal grievance or appeals procedure at AMKC and no ability to challenge or appeal the suspension of his inmate account.  (Compl. at 8, 11.)

Plaintiff does allege that he had the following property taken from him when he was arrested on February 6, 2009: "4,900.00 of U.S. currency, cellular phone, jewelry, Lap-Top computer, family photos, religious items, [and] clothes."  (Compl. at 32.)  On May 29, 2010, he asked in writing that these items be returned to his family, but the request was denied.  (Compl. at 31-32.)  He claims that the property is not contraband or arrest evidence and that no timely forfeiture proceeding was instituted.  (Compl. at 32.)

Lastly, the Complaint alleges that plaintiff, who is Hispanic, has experienced racial discrimination by African-American prison guards who give African-American inmates preferential treatment with respect to cell cleanliness, paid employment, shoes, and visitors.  (Compl. at 12.)  Plaintiff also claims that Hispanic inmates are "improperly classified in security level."  (Id.)  No other facts are provided.  Plaintiff also alleges that he was subject to the intentional infliction of emotional distress.  (Compl. at 28.)

Plaintiff asserts that the City Defendants are liable in their supervisory roles for failing to properly train, oversee, and hire prison staff.  He seeks $1 million from each defendant, declaratory and injunctive relief, punitive and compensatory damages of $1 million, and the return of his property.

DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 555).  In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, see id. at 1949-50, and all reasonable inferences are drawn in favor of the plaintiffs.  See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).  Moreover, plaintiff's pro se pleadings are given a liberal and generous construction and are read "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Generously, plaintiff's pro se Complaint may be read as asserting claims under section 1983 for deliberate indifference to serious medical needs and conditions of confinement in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and for procedural due process and equal protection violations.  However, plaintiff fails to allege specific wrongdoing sufficient to constitute personal involvement on the part of defendants Bloomberg, Liu, and Harris.  "It is well settled in this Circuit that personal involvement of

defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §

1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted); see

Iqbal, 129 S.Ct. at 1948.   Plaintiff claims that these defendants' failure to properly hire, train, and

supervise jail officials demonstrated deliberate indifference that rises to personal involvement in

an unconstitutional act.   But the only named reference to defendants Bloomberg, Liu, and Harris

is in the caption of the Complaint, and the only additional references to these defendants are

merely conclusory statements about their personal involvement and liability.   (See Compl. 9, 26-

27.)

CONCLUSION

For the reasons outlined above, the City Defendants' motion to dismiss (Docket #

19) is GRANTED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 7, 2011